**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| H.K.,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | No. 1:26-cv-01158-JLT-EGC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITIONER'S MOTION FOR FEES<br><br>(Docs. 16, 22) |

H.K. is a former federal detainee proceeding by counsel. They initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on February 9, 2026. (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On September 8, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioner's motion for award of attorneys' fees pursuant to 28 U.S.C. § 2412. (Doc. 22.) Specifically, the magistrate judge recommended that Respondents be ordered to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $5,225.89. *Id.* at 7. The Court served the findings and recommendations on all parties. Respondents timely filed objections. (Doc. 23.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case.

Having carefully reviewed the entire file, including Respondent's objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis. Among other things, Respondents argue that the Court should hold the motion in abeyance until the Supreme Court decides *Palacios v. Liggins*, No. 25-1223, __ S. Ct. __, 2026 WL 1855057 (June 29, 2026) (granting writ of certiorari). First, Respondent's objections to the fee petition were filed after the Supreme Court granted certiorari in *Palacios*. *E.A.P.C. v. Wofford*, No. 1:25-CV-01546 JLT CDB (HC), 2026 WL 1983910, at *1 (E.D. Cal. July 9, 2026) ("Arguments raised for the first time in objections to the findings and recommendations are waived.") (internal citation and quotation omitted). Thus, this objection is waived. Even disregarding the waiver, the Court would decline to exercise its discretion to hold the motion in abeyance pursuant to its discretion under *Landis v. North American Co*., 299 U.S. 248 (1936), for the reasons articulated by another judge in this District:

> Here, the [*Landis*] factors weigh against a stay and in favor of finality. Entering a stay would prohibit compensation for Petitioner's counsel in a case in which she is entitled to fees. Such a failure to compensate attorneys may have a chilling effect on representation for habeas petitioners at a time when this District is experiencing an unprecedented volume of meritorious habeas cases and many petitioners require aid of counsel. Conversely, there is no hardship or inequity in resolving this motion to bring this case to a close. Indeed, Respondents do not articulate any hardship or inequity which would befall them. Finally, it is in the orderly course of justice to effect swift justice to Petitioner and counsel and bring finality to this matter, which requires no further litigation or narrowing of issues.

*V.O. v. Noem*, No. 1:25-CV-1796-TLN-JDP, 2026 WL 2568900, at *2 (E.D. Cal. Aug. 28, 2026); *see also R.M.D.E. v. Chestnut*, No. 1:26-CV-03903-MWJS, 2026 WL 2797943, at *2 (E.D. Cal. Sept. 18, 2026) (collecting cases reaching the same result). Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on September 8, 2026 (Doc. 22) are **ADOPTED** in full.
2. Petitioner's motion for award of attorney's fees pursuant to 28 U.S.C. § 2412 (Doc. 16) is **GRANTED**:
    a. Respondents are **ORDERED** to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $5,225.89.

b. This award shall be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

IT IS SO ORDERED.

Dated: _September 23, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE